CORNELIUS FLYNN, Plaintiff, v. PANAMA RAILROAD COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, First District, July, 1923.

Seamen — right to maintain action for negligence and for maintenance and cure — lack of proper appliances — verdict for plaintiff sustained — Merchant Marine Act, 1920, chap. 250, § 33; 41 U. S. Stat. at Large, 1007 — Employers' Liability Act, 35 U. S. Stat. at Large, 65, chap. 149.

The Merchant Marine Act as amended in 1920 (chap. 250, sec. 33; 41 U. S. Stat. at Large, 1007), rendered applicable in an action by a seaman for personal injuries the provisions of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149).

By the maritime law a seaman injured in the service of a ship, whether by the fault of the master or a fellow-servant or his own fault, has always been entitled to maintenance and cure but not to compensatory damages unless the injury was due to unseaworthiness or aggravated by want of attention or medical treatment.

Plaintiff while engaged in painting the outside of a steamer at Cristobal, Panama, was injured in reaching the deck from the ropes supporting a wooden stage upon

Municipal Court of New York, July, 1923.                  [Vol. 121

which he had been painting, he having gone up the ropes hand over hand, the pulleys on the tackle supporting the stage having jammed owing to the list of the vessel. In an action brought by plaintiff for personal injuries due to the negligence of defendant in failing to furnish proper equipment, *i. e.*, rope ladders, and for expenses of maintenance and cure plaintiff recovered a verdict. Defendant moves to set aside the verdict and to dismiss the complaint. *Held,* that defendant was liable both under the rules of the maritime law and under the acts of Congress for failure to supply an appliance required for the work upon which plaintiff was engaged; that plaintiff was not required to elect between a claim for indemnity and a claim for maintenance and cure but might demand both in one action, and the jury was warranted in its verdict.

MOTION to set aside verdict in an action to recover for personal injuries.

*Silas B. Axtell,* for plaintiff.

*Richard Reid Rogers (Anderson Woods,* of counsel), for defendant.

GENUNG, J. The plaintiff, a seaman employed by the defendant, brought this action to recover for personal injuries and expense of maintenance and cure as the result of an accident on March 23, 1921, on one of the defendant's steamers at Cristobal, Panama. The jury found a verdict for the plaintiff in the full amount claimed, $1,000. The defendant moved to set aside the verdict and to dismiss the complaint on three grounds, that the so-called Jones Act (the Merchant Marine Act of June 5, 1920, chap. 250 [Sec. 33], 41 U. S. Stat. at Large, 1007) is unconstitutional, that the court is without jurisdiction, and that the plaintiff has failed to make out a cause of action, either under the federal act or the laws of the state of New York.

There was evidence from which the jury could find that on March 23, 1921, the plaintiff was engaged in painting the outside of the steamer *General O. H. Ernst,* which was tied up to the dock on the port side; that the plaintiff was working on a wooden stage hung from the ship's rail by a block and tackle on the starboard side near the stern about five feet from the water's edge; that there were no rope ladders on the ship, except the ladder kept by the captain for the use of the pilot in boarding and leaving the ship; that he asked the boatswain for a ladder and the boatswain told him there were no ladders; that while plaintiff was at work the ship listed toward the dock, and the pulley was jammed against the side of the ship, which prevented him from hauling up the wooden stage; that a wooden ladder, if available, would not be suitable for such work; that the plaintiff, going to the deck for paint and being without proper means of climbing to the deck, went up hand-over-hand one of the ropes supporting the wooden stage and sprang up onto the ship's rail and grabbed the bottom

rail and lifted himself up and put his foot in between the bottom rail and the deck and in thus reaching the deck sustained a hernia in the right groin. Upon this state of facts, the plaintiff claimed the defendant was negligent in failing to furnish proper equipment, *i. e.*, rope ladders, and in failing to provide such ladders when requested, and the defendant claimed that the proper ladders were furnished, and that the plaintiff never requested such ladders. The boatswain was not produced at the trial to deny the testimony of the plaintiff, but the testimony of the captain of the ship, as to the equipment of ladders, and of the first mate, as to the furnishing of ladders to the seamen, was before the jury. On all the disputed questions of fact the verdict of the jury was in favor of the plaintiff. As to the injuries, the plaintiff claimed that he did not know he had a hernia at first, but the next day he noticed a heavy weight in his right groin, while at the wheel, and the ship's doctor told him to lay up; that the hernia enlarged from the size of a peanut to the size of an egg cup; that he laid up the rest of the voyage and, upon his arrival at New York, he went to the office of the defendant and made his report; that he was referred to the attorney, who sent him to a doctor, who ordered him to a hospital and performed an operation for hernia, which was fairly successful, and treated him thereafter; that he was in the hospital for twenty-two days and was disabled for five or six months thereafter. His wages amounted to $85 or $90 a month, besides his board and lodging, which he estimated at $5 a day. He made a claim of $800 for personal injuries and $200 for maintenance, a total of $1,000. These claims were submitted to the jury, without exception, and the jury found a verdict for the full amount.

The so-called Jones Act has been held to be constitutional (*Panama Railroad Company v. Johnson*, 289 Fed. Rep. 964), and has been held enforcible in the state courts. *Flynn* v. *Panama Railroad Co.*, 205 App. Div. 871; *Lynott* v. *Great Lakes Transit Corp.*, 202 id. 613; affd., 234 N. Y. 626; *Tammis* v. *Panama R. R. Co.*, 202 App. Div. 226.

The so-called Jones Act (the Merchant Marine Act of June 5, 1920, chap. 250 [Sec. 33], 41 U. S. Stat. at Large, 1007) amended section 20 of the act of March 4, 1915, to read as follows:

" Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to

16

railway employees shall apply; and in case of the death of any sea-
man as a result of any such personal injury the personal representa-
tive of such seaman may maintain an action for damages at law
with the right of trial by jury, and in such action all statutes of the
United States conferring or regulating the right of action for death
in the case of railway employees shall be applicable.   Jurisdiction
in such actions shall be under the court of the district in which the
defendant employer resides or in which his principal office is located."

By the maritime law a seaman injured in the service of a ship,
whether by the fault of the master or a fellow-servant or his own
fault, has always been entitled to maintenance and cure, *i. e.*, care
(*The Mars*, 149 Fed. Rep. 721) for a reasonable time even after the
termination of the voyage, or right to wages (*The Bouker, No. 2*,
241 id. 831; certiorari denied, 245 U. S. 647), but not to compen-
satory damages unless the injury is due to the unseaworthiness
of the ship or her tackle (*The Osceola*, 189 id. 158), or is aggravated
by want of attention or medical treatment (*The Iroquois*, 91 Fed.
Rep. 173).   The maritime law, though holding the shipowner to a
higher degree of care than an employer ashore (*Storgard* v. *France &
Canada S. S. Corp.*, 263 Fed. Rep. 545; certiorari denied, 252 U. S.
585), and though refusing to apply the theory of assumption of risk
to a seaman bound to obey orders and using improper appliances
furnished by the owner (*Cricket S. S. Co.* v. *Parry*, 263 Fed. Rep.
523; certiorari denied, 252 U. S. 580), has nevertheless adopted the
rule that the shipowner is not liable for compensatory damages
for the shipmaster's failure to make use of proper appliances actually
supplied, but only for failure to furnish them.   Apart from act
of congress, enlarging the remedy at law, the maritime law, as
that contemplated by the contract, is applied in an action at law
(*Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372), and section 20 of
the Merchant Seaman's Act of March 4, 1915 (chap. 153, 38 U. S.
Stat. at Large, 1164, 1185, as originally enacted), providing "that
in any suit to recover damages for any injuries sustained on board
vessel, or in its service seamen having command shall not be held
to be fellow servants with those under their authority," effected no
change in the rule that the negligent order even of the master does
not charge the shipowner with responsibility, beyond maintenance
and cure.   *Chelentis* v. *Luckenbach S. S. Co., supra.*

By the so-called Jones Act, *supra*, a seaman suffering personal
injury in the course of his employment has the election, instead of
bringing suit in admiralty under the unmodified rule of the maritime
law (*The West Jester*, 281 Fed. Rep. 877), to maintain an action
for damages at law with the right of trial by jury and in such action
to receive the benefit of statutory extensions of the common-law

rights and remedies of railway employees. This provision renders applicable the provisions of the Federal Employers' Liability Act of April 22, 1908 (35 U. S. Stat. at Large, 65, chap. 149) making such employer liable for the employee's injury arising from any defect or insufficiency due to the employer's negligence in its appliances, machinery, boats or other equipment, and taking away the defense of assumption of risk, where the employer's violation of a protective statute contributed to the injury. Under the Employers' Liability Act, as under the maritime law, contributory negligence does not bar recovery but requires an apportionment of the damages. In the case at bar the defendant is equally liable under the rules of the maritime law and under the act of congress, for failure to supply an appliance required by the manner of his work.

It does not appear that the act of congress of June 5, 1920, was intended to restrict in any way the seaman's rights as they previously existed and it was settled law before the adoption of the act of congress, *supra*, that the seaman was not required to elect between a claim for indemnity and a claim for maintenance and cure, but might in one action demand both. *Roebling Sons Co.* v. *Erickson,* 261 Fed. Rep. 986; certiorari denied, 252 U. S. 584. The jury was warranted, therefore, in allowing in its verdict for the expenses of maintenance and cure, as well as for damages for injuries sustained.

Motion to set aside verdict and dismiss complaint is denied.

Ordered accordingly.