## HOWARTH v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

Circuit Court of Appeals, Second Circuit. February. 6, 1928.

No. 110.

1. Seamen ⬲29(5)—In seaman's action for injury to finger crushed by door, whether he was opening or closing door, and whether appliance for holding it open was safe and proper, held for jury (Merchant Marine Act 1920, § 33 [46 USCA § 688]).

In seaman's action for injury to finger when door slammed shut, questions whether he was opening door or closing it, and whether brick, which was only available appliance for holding it open, was safe and proper one, *held* for jury in determining whether recovery should be allowed for negligence, under Merchant Marine

Act 1920, § 33 (46 USCA § 688; Comp. St. § 8337a).

**2. Seamen ⬅⮕29(2)—Furnishing unsafe appliance to prevent door from slamming is "negligence," justifying recovery for seaman's injuries (Merchant Marine Act 1920, § 33 [46 USCA § 688]).**

Where door on ship without hook to prevent slamming is unsafe, act of shipowner in furnishing such unsafe appliance is negligence, within Merchant Marine Act 1920, § 33 (46 USCA § 688; Comp. St. § 8337a), allowing recovery by seaman for injury due to negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

**3. Seamen ⬅⮕29(2)—Seaman may recover for injuries due to shipowner's negligence, regardless of whether ship was seaworthy (Merchant Marine Act 1920, § 33 [46 USCA § 688]).**

Where seaman was injured when finger was crushed by slamming door, employer is liable for negligence, under Merchant Marine Act 1920, § 33 (46 USCA § 688; Comp. St. § 8337a), regardless of whether ship was seaworthy.

**4. Seamen ⬅⮕29(4)—In seaman's action for injury caused by improper appliance, defense that plaintiff assumed risk of employment held not available.**

In seaman's action for personal injury, defense of assumption of risk of employment cannot apply, where injury was caused by improper appliance furnished seaman during voyage.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Joseph William Howarth, a seaman, against the United States Shipping Board Emergency Fleet Corporation and another, to recover damages for personal injuries suffered January 13, 1924, caused by the alleged negligence of the defendants and unseaworthiness of the steamship West Isleta. The trial court dismissed the complaint, in so far as it contained a cause of action to recover full indemnity for the alleged injuries, but directed a verdict for the plaintiff for maintenance and cure in the sum of $250. Plaintiff brings error. Judgment reversed.

The plaintiff was a member of the crew of the steamship West Isleta, a Shipping Board vessel operated by the defendants, being employed as a messboy thereon. His duties were to look after the petty officers, to carry their meals, and to keep their rooms in order. The galley and the petty officers' messroom were in the midship island of the vessel. On each side, leading forward and aft, was an inclosed passageway. Inboard and between these passageways were the messroom and the engine room, with doors leading therefrom to each passageway. The forward ends of these passageways led out on deck, looked forward over the bow of the ship, and were open to the wind and sea. The apparent purpose of the doors was to keep out the weather. The galley was in part between the two passageways, but extended beyond the doors, closing their forward ends, and had doors of its own opening out on the deck. In the starboard alleyway there was a slide from the galley, which led directly into the passageway. This slide was for the convenience of the messman in obtaining food from the galley in bad weather, because it saved him from going out on deck, and allowed the service of food from the galley to the messroom, when the doors at the forward end of both passageways were closed. There was no slide from the galley into the alleyway on the port side.

The plaintiff, when he was hurt, was using the starboard passageway, and contemplated getting his food through the slide from the galley. According to his testimony, he went along this starboard passageway, and when he got near the forward end of it, close to the slide through which he proposed to pass his dishes in order to get the food, the cook called out to him to open the door at the end of the passage. This door had once had a hook attached to it, which was designed to hook into an eye attached to the outside wall of the galley. Before the time of the accident the hook had disappeared, and when the door was to be left open it was propped or stayed by a fire brick placed against it. The plaintiff testified that the door was opened to give more air to the engineers than that coming in through the portholes. On receiving the order to open the door, he said that he put his dishes down on the floor of the deck, opened the door, and placed the brick against it. Having done this, he stepped back to get near the slide through which he was to pass his dishes. As he did this, the ship was rolling so heavily that he put out his right hand against the jamb of the door to save himself, and the door suddenly slammed and crushed his finger.

The only other witness who had any real knowledge of the accident was the cook, Ingvertsen. He, like all the witnesses, was called on behalf of the plaintiff; but he testified that plaintiff was told to close the door, instead of to open it, and was closing it when the ship rolled, and the door crushed his finger.

A witness called by the plaintiff as an expert testified that it was the practice to place hooks and eyes on the doors of ships, so that they would not slam to and fro.

The trial judge held that the foregoing facts afforded no proof of unseaworthiness or negligence, and allowed the plaintiff only a sufficient sum to cover maintenance and cure.

Silas B. Axtell, of New York City (Saul Sperling, of New York City, of counsel), for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Sayville, N. Y., Edgar G. Wandless, Dist. Counsel for United States Shipping Board of New York City (Charles A. MacDonald, of counsel), for defendants in error.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). [1, 2] The vital facts in this case were in dispute. Was the plaintiff, upon the occasion of the accident, engaged in opening the door, and, if so, was he furnished with such a defective appliance for keeping it open that the rolling of the vessel was likely to slam it suddenly and injure him, or was he closing the door, as the cook testified? If the latter, he should have kept hold of the door handle, and, had he done so, would have experienced no harm. The absence of the hook could not have affected him, if he had been shutting the door. Whether he was opening the door, and whether the only available appliance for holding it open was a safe and proper one, or whether he was closing the door, were all questions of fact for the jury.

It is argued that the fire brick was a safe door stop, and had worked well enough before; but a different inference may be drawn, and a jury ought to have been allowed to say whether the defendant should have maintained a hook on the door to hold it securely back, or whether the brick provided in place of the missing hook was a reasonably safe appliance, in view of the tendency of ships to pitch and roll in rough weather. The dismissal of the cause of action to recover indemnity was error. If the door without the hook was unsafe, the acts of defendants in furnishing an unsafe appliance would be negligent. The Merchant Marine Act of 1920 allows recovery for negligence. 41 U. S. Stat. at Large, p. 1007 (46 USCA § 688 [Comp. St. § 8337a]).

[3] While there was evidence before the trial court that the hook was broken off before the vessel left port, so that there was some foundation for the claim that the ship was unseaworthy in equipment when she broke ground, there need be no consideration of the technical rule as to unseaworthiness. Zinnel v. U. S. Shipping Board Emergency Fleet Corp. (C. C. A.) 10 F.(2d) 47. A jury must determine whether the absence of the hook rendered the door likely to slam and injure the plaintiff, so that his equipment and place to work were not proper—whether, in short, the defendants were negligent under the law of master and servant applicable to the situation disclosed in this case.

[4] It is contended that the plaintiff assumed the risk of his employment, but it is well settled that this defense cannot apply to a case where an improper appliance is furnished to a seaman during a voyage. Zinnel v. U. S. Shipping Board Emergency Fleet Corp. (C. C. A.) 10 F.(2d) 47; Cricket S. S. Co. v. Parry (C. C. A.) 263 F. 523; Panama R. Co. v. Johnson (C. C. A.) 289 F. 964, affirmed 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748; The Colusa (C. C. A.) 248 F. 21.

The judgment is reversed.