## THE BALL BROTHERS.

District Court, W. D. New York. October 16, 1929.

Dorsey W. Kellogg, of Buffalo, N. Y., for libelant.

Burke & Desmond, of Buffalo, N. Y., for respondent and claimant.

ADLER, District Judge. On September 30, 1925, the libelant, employed as a seaman on the steamer Ball Brothers, was ordered with other deckhands to clean the sides of the vessel prior to sailing in the waters of Lake Huron. He worked at this for several hours on that day, and again for about an hour on October 1st, the day following. At that time the boat had reached a lock at Sault Ste. Marie. To do this work the men were given brushes with long handles, and pails containing caustic soda were suspended over the side of the vessel. The men leaned over the edge of the vessel in manipulating their brushes. The libelant claims that the chemicals used in removing the paint blew and splashed upon his clothes and person, ruining his clothes and burning his flesh. Goggles were provided to protect the eyes of the seamen using the chemicals, but libelant claimed that some of the solution spattered into his right eye. At Sault Ste. Marie libelant and others left the vessel, and libelant did not return to work.

It is the contention of the libelant that this action was instituted in admiralty under the "old rules." The answer sets up as a separate defense laches of the libelant, in that he failed to proceed to enforce his alleged claim for upwards of three years from the date when his injuries were sustained as required by the New York State statute of limitations (Civil Practice Act, § 49, subd. 6). ▆▆ While there is no statute of limitations in admiralty under the "old rules," the admiralty courts have usually applied the state statute when the question of laches is raised. In this case the action was not begun until over three years after the cause of action accrued. Applying the state statute as a measure of laches, the action would be barred. Besides that, it appears that nearly three years lapsed before libelant consulted his proctor. Although it is the contention of the proctor for libelant that he was diligent in his attempt to begin the action within the three-year period, yet the question of laches contemplated in the law was laches of the libelant and not laches of his counsel.

▆ The injuries sustained by libelant were testified to by different physicians. It appears that all scars and evidence of burns have disappeared. The evidence of defects in his eyes and eyesight does not go to the extent of attributing these defects to the injuries received by him at this time. He kept on working on other vessels after the accident occurred, and has been working more or less continuously ever since. He is entitled to no more than ordinary maintenance and cure, unless his injuries resulted from what might be construed as the unseaworthiness of the vessel. Although the seaman was compelled to do this work under the orders of his superior officer, it does not appear that the work was attended with any danger that could not be avoided through reasonable care. ▆ I find that under the facts as they appear to me to be developed in this case the libelant would be entitled to no more than maintenance and cure. In this case the libelant continued work on other vessels after the accident, and did not present himself for medical attention. I do not find in the case any evidence upon which any amount can be awarded to the libelant for maintenance and cure.

The libel is dismissed.