KONGS v. OCEANIC & ORIENTAL NAV.
CO. et al.

No. 18854.

District Court, N. D. California, S. D.
Feb. 26, 1931.

S. T. Hogevoll, of San Francisco, Cal., for plaintiff.

Brobeck, Phleger & Harrison, of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

Plaintiff, a seaman, brought this action on the law side of the court under the provisions of the Merchant Marine Act of 1920, § 33 (section 688, USCA, title 46), seeking damages against the defendants for negligence and for loss of wages.

Defendants demur upon several grounds, two only of which I deem it necessary to consider. The first questions the right of plaintiff to claim damages for negligence and for loss of wages in the same action; and the second objects that, even if wages may be recovered in the same action, each claim must be separately stated.

1. As we have seen, the action is brought under the provisions of the Merchant Marine Act of 1920, which provides that: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply."

The United States Supreme Court has construed this act as modifying the prior maritime law of the United States by giving to seamen injured through negligence the rights given to railway employees by the Federal Employers' Liability Act and its amend-ments (45 USCA §§ 51–59), and permitting these new and substantive rights to be asserted and enforced in actions in personam against the employers in federal and state courts administering common-law remedies, or in suits in admiralty in courts administering maritime remedies. Lindgren, Adm'r, v. United States et al., 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686.

In Panama Railroad Co. v. Johnson, 264 U. S. 375, 388, 44 S. Ct. 391, 394, 68 L. Ed. 748 the court says: "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some nonmaritime system."

Flynn v. Panama R. Co., 121 Misc. Rep. 239, 201 N. Y: S. 56, was a case where a seaman brought an action to recover for personal injuries and expense of maintenance and cure as the result of an accident. The jury found a verdict for the plaintiff, and made allowance therein for the expenses of maintenance and cure, as well as for damages for injuries sustained. In its opinion affirming this case, the New York court called attention to the Marine Act of 1920, and held, in accordance with long-established rules, that by the marine law a seaman injured in the service of a ship, whether by the fault of the master or a fellow servant, or his own fault, has always been entitled to maintenance and cure and wages, and refused to set aside the verdict.

In Peterson v. Pacific S. S. Co., 145 Wash. 460, 261 P. 115, it was held that a seaman was not precluded from bringing an action for damages for negligence by the fact that he had received full compensation for injury under the general maritime law through receipt of wages, etc. In discussing the question before it, the court cited the Flynn Case, with these words (145 Wash. 460, 261 P. page 120): "It does not appear that the amendment of 1920 was intended to restrict in any way the seaman's rights as they previously existed, and, as has been shown, it was well settled before the adoption of the amendment by Congress that the seaman was not required to elect between a claim for indemnity and a claim for maintenance and cure, but might in one action demand and recover both."

Peterson v. Pacific S. S. Co., supra, was appealed to the United States Supreme Court, the case there being entitled Pacific S. S. Co., Petitioner, v. Carl G. Peterson, 278 U. S. 130, 49 S. Ct. 75, 73 L. Ed. 220, and was affirmed. The court said, at page 138 of 278 U. S., 49 S. Ct. 75, 77: "Considered in the light of these several remedies and the extent of the inconsistency between them, we agree with the view expressed by the Supreme Court of Washington that the statute was not intended to restrict in any way the long-established right of a seaman to maintenance, cure and wages—to which it made no reference. And we conclude that the alternative measures of relief accorded him, between which he is given an election, are merely the right under the new rule to recover compensatory damages for injuries caused by negligence and the right under the old rules to recover indemnity for injuries occasioned by unseaworthiness; and that no election is required between the right to recover compensatory damages for a tortious injury under the new rule and the contractual right to maintenance, cure and wages' under the old rules—the latter being a cumulative right in no sense inconsistent with, or an alternative of, the right to recover compensatory damages."

2. The complaint is in the usual form of a seaman's libel for damages for negligence and wages, and is therefore sufficient.

From the foregoing it follows that the demurrer will be overruled.