## McDONALD v. CAPE COD TRAWLING CORPORATION et al.

### Civ. No. 4126.

District Court, D. Massachusetts.

May 13, 1947.

Harry Kisloff, of Boston, Mass., for plaintiff.

Seymour P. Edgerton, Sumner H. Babcock and Bingham, Dana & Gould, all of Boston, Mass., for defendant Cape Cod Trawling Corporation.

Seymour P. Edgerton, Clarence P. Ford, Sumner H. Babcock and Bingham, Dana & Gould, all of Boston, Mass., for defendants Byron C. Hedblom and Carl G. Hedblom.

WYZANSKI, District Judge.

Plaintiff, a resident of Massachusetts, sues as administratrix of a deceased Massachusetts seaman. She names as defendants a Massachusetts corporation, The Cape Cod Trawling Corporation, which employed the decedent, and also Byron C. Hedblom and Carl G. Hedblom, who are residents of Massachusetts and who are partners doing business as a shipbuilding firm.

Plaintiff complains that the corporate employer failed to supply a reasonably safe place in which the decedent could work and that that failure was the cause of injuries to and the death of the decedent while he was a seaman on board the corporation's fishing vessel, the Lark. In short, against the corporation the plaintiff seeks her remedy under the Jones Act, 46 U.S.C.A. § 688, which gives an employee injured by his employer's negligence a cause of action at law triable by a jury in a Federal court.

In the same pleading plaintiff complains that the individual defendants negligently constructed a lampstand which they supplied to the fishing trawler Lark and that this negligent construction was the cause of injuries to and the death of the decedent during his employment on the Lark. In short, against the individual defendants the plaintiff seeks to recover for a non-statutory tort arising out of a manufacturer's alleged negligent manufacture of a chattel. Compare Restatement, Torts, § 395.

Against all defendants plaintiff demands a jury trial. The individual defendants have moved to dismiss the suit against them on the ground that this Court has no jurisdiction of that part of the complaint which seeks to hold them liable. They take the position that the complaint against them can not be founded on 28 U.S.C.A. § 41(1) (b) because there is no diversity of citizenship between them and plaintiff. And they further say that it can not be founded on 28 U.S.C.A. § 41(3) because this complaint, as is indicated by its docket number and by its specific claim of a jury trial, was filed at law and not in admiralty.

Plaintiff agrees that 28 U.S.C.A. § 41(1) does not apply, but she relies on 28 U.S.C.A. § 41(3), which, so far as material, provides: "Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants for compensation for injuries to or death of persons other than the master or members of the crew of a vessel their rights and remedies under the workmen's compensation law of any State, District, Territory, or possession of the United States, which rights and remedies when conferred by such law shall be exclusive; of all seizures on land or waters not within admiralty and maritime jurisdiction; * * *."

The starting point is to analyze that part of the complaint which is directed at the individual defendants to see what type of tort is charged. And upon analysis it is quite clear that what is charged is a maritime tort. To be sure, the individual

890

defendants undoubtedly built the vessel on land. But the complaint charges that the lampstand fell on the decedent while he was aboard the Lark while it was docked in navigable waters. Therefore the tort, if any, is a maritime tort. Vancouver Steamship Co., Ltd., v. Rice, 288 U.S. 445, 447, 448, 53 S.Ct. 420, 77 L.Ed. 885; Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U.S. 52, 62, 63, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157; Sieracki v. Seas Shipping Co., 3 Cir., 149 F.2d 98, 99, Col. 2 affirmed without consideration of this issue in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 89, lines 13–17, 66 S.Ct. 872, 90 L.Ed. 1099. This is a commonplace illustration of the familiar general conflict of laws rule that the place of wrong is the place where the last event necessary to make an actor liable for an alleged tort occurs. Restatement, Conflict of Laws, § 377; Goodrich, Conflict of Laws, (2d Ed.), § 90.

Since the complaint charges a maritime tort it is clearly a complaint which comes within the jurisdiction conferred by the quoted language of 28 U.S.C.A. § 41(3). The three cases cited in the last paragraph all sustain the proposition just stated. Indeed, the Sieracki case is peculiarly apt. There the plaintiff was a longshoreman who was injured by the tackle while loading a vessel. The defendants were the employer and the contractor and sub-contractor who built the vessel and who were alleged to have installed a defective shackle. The plaintiff was a resident of Pennsylvania [See Original Papers in 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, Tr. 12]; and the contractor and sub-contractor were Pennsylvania corporations [Ibid, Tr. 116, par. 1 and 2 and Tr. 134]. Hence in that aspect of the case where relief was sought against the contractor and sub-contractor jurisdiction could not have been based on diversity jurisdiction but must have been bottomed on maritime jurisdiction.

■■■ However, to decide that the alleged tort is a maritime tort and is within the maritime jurisdiction of this Court is not sufficient to uphold this particular complaint. This complaint filed at law demands a jury trial, and the vital question is whether plaintiff is entitled to that type of proceeding. Against the corporate defendant, which was the decedent's employer, she is, by the special provisions of the Jones Act, undoubtedly entitled to have her case tried at law and by a jury. 46 U.S.C.A. § 688. But against the individual defendants she has no such right. 28 U.S.C.A. § 770. Benedict, Admiralty, § 224. To get a jury trial against them she would have to show that she had either an act of Congress which gave her the right to a jury, or a cause of action recognized at common law and arising between parties of diverse state citizenship. Philadelphia & R. R. Co. v. Berg, 3 Cir., 274 F. 534, 539; Erlich v. Wilhelmsen, D.C., E.D.N.Y., 44 F.Supp. 414; Stamp v. Union Stevedoring Corp., D.C., E.D.Pa., 11 F.2d 172, 174. She cannot make either showing. Diversity of citizenship is plainly lacking. And the Jones Act does not apply where the defendant is not the employer. Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515, 517. See Reed, J., dissenting Hust v. Moore-McCormack Lines, 328 U.S. 707, 739, 66 S.Ct. 1218, 90 L.Ed. 1534. So her complaint as to the individual defendants is defective. And the defect cannot be cured because she invites a hybrid trial,—a jury trial at law so far as the corporate defendants are concerned; a non-jury trial in admiralty so far as the individual defendants are concerned.

To guard against misapprehension let me add that I am aware that in Sieracki's case the trial against all the defendants began before a jury. But no party raised the point with which I am concerned. Moreover, the jury was waived before the conclusion of the case and the matter was submitted to the judge for his decision. [Tr. 2 and 95.] Thus the case is no authority for the proposition that where a seaman files a complaint against a negligent manufacturer for a maritime tort, even though diversity of citizenship be absent, he has a right to be tried on the law side by a jury.

Nor have I overlooked the fact that in the case at bar this alleged tort occurred within the territorial waters of Massachusetts and that plaintiff may have a remedy under the law of Massachusetts. Compare Just v. Chambers, 312 U.S. 383, 61 S.Ct.

687, 85 L.Ed. 903. But that fact is irrelevant here inasmuch as plaintiff can sue in the United States Court on a Massachusetts cause of action only if she can show (which she cannot) that there is a diversity of citizenship between her and the defendants.

Another matter deserves notice. It may be contended that precedents for plaintiff are furnished by the familiar actions by seamen against their employers wherein the seamen seek to recover both on account of negligence and on account of maintenance and cure. Where the seaman sues the employer he has been sometimes allowed (even in the absence of a showing of diversity of citizenship) to join in a single complaint on the law side of a United States District Court first a count seeking recovery for the employer's negligence and second a count seeking recovery for maintenance and cure; and he has been allowed a jury trial on both issues. See, for example, Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515, 517 and Stevens v. R. O'Brien & Co., 1 Cir., 62 F.2d 632, 633. For reasons that I am about to state, I am not prepared to say that those cases are sustainable; or if they are, should be extended.

Under § 33 of the Jones Act, the cause of action for negligence may at the election of the seaman be brought either in admiralty in the federal court [Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L. Ed. 903; Panama R. Co. v. Johnson, 264 U.S. 375, 390, 44 S.Ct. 391, 68 L.Ed. 748] or at law in the federal court [De Zon v. American President Lines, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065; Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748] or at law in the state court [Garrett v. Moore-McCormack Co., 317 U. S. 239, 240, 63 S.Ct. 246, 87 L.Ed. 239; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220]. But the cause of action for maintenance and cure since it is founded on a maritime quasi-contract [See Cortes v. Baltimore Insular Line, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L. Ed. 368] and is not an action for damages for personal injury, does not fall under the Jones Act. It follows that while the action is maintainable in admiralty in the federal court [Calmar Steamship Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L. Ed. 993; The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760] or at law in the state court [Garrett v. Moore-McCormack Co., 317 U.S. 239, 240, 63 S.Ct. 246, 87 L.Ed. 239; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L. Ed. 220]; it cannot be maintained at law in the federal court, unless, of course, there is diversity of citizenship between the parties. 4 Benedict, Admiralty, 6th Edition, § 612, p. 201. The mere fact that a cause of action for maintenance and cure happens joined with a cause of action for negligence under the Jones Act does not seem to bring the former within the jurisdiction of the federal court on its law side —unless perchance there is so some as yet unexpressed theory of pendent jurisdiction such as is applied in copyright and trademark cases. Hurn v. Oursler, 289 U. S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 324, 325, 59 S. Ct. 191, 83 L.Ed. 195. That is, there may be some notion that where the facts supporting a count for maintenance and cure and one for negligence are substantially the same then, to save time, expense and double litigation, the law side of the federal court has jurisdiction over both counts.

Perhaps with more reliance on this theory of pendent jurisdiction than we knew my brother District Judges and I have often tried these two types of causes of action together in one lawsuit. We have submitted them together to a single jury. And when challenged we have been upheld by the Circuit Court of Appeals. Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515, 517; Stevens v. R. O'Brien & Co., 1 Cir., 62 F.2d 632, 633. Practically the result has been, I believe, satisfactory. We have avoided what would otherwise have been two lengthy trials and the risk of overlapping damages—for it is undeniable that certain items of damage (take, for instance, doctor's bills paid by a seaman) might be recovered either on the ground of the employer's liability in tort for negligence or on the ground of the employer's liability in contract for cure, Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d

902, 905; and certain claims (such as a claim that the employer negligently failed to give medical care) might be pleaded either under the Jones Act or as a case of cure and maintenance, Cortes v. Baltimore Insular Line, 287 U.S. 367, 378, 53 S.Ct. 173, 77 L.Ed. 368. Yet, unless the theory of pendent jurisdiction be expanded, it seems to me that all of us have acted erroneously, and we cannot honestly avoid our errors by saying we treated the jury's verdict on maintenance and cure as being merely advisory. At any rate, as at present advised I cannot see that what we have done has ever been explicitly approved by the Supreme Court of the United States. Many of that court's cases have come up from the state courts where there was no question that the plaintiff under state law was entitled to have his cause of action for maintenance and cure tried at law by a jury [see, for example, Pacific S. S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220]. Others come from the admiralty side of the federal courts where no jury was involved. [See, for example, The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760]. In neither situation does the precise problem of the present case arise. Where it does arise, in cases coming up from the law side of the federal courts, I cannot find that the problem has been drawn to the Supreme Court's attention. And so I am quite unprepared to proceed from the premise of precedents like Nolan v. General Seafoods Corp. and Stevens v. R. O'Brien & Co., supra. If those cases be sound they must rest on the principle that there is a pendent jurisdiction that allows the law side of this court to hear an admiralty suit which rests on substantially the same facts as a lawsuit before the court. That principle would not apply to the instant case for here the admiralty suit introduces important new facts, that is those concerned with the alleged negligence of the individual defendants; and, moreover, the parties to the two causes of action are not identical.

██ I should add that I have considered whether it would be proper for me, instead of dismissing the complaint as against the individual defendants, to enter an order which would treat as correct the joinder of an admiralty cause of action with a law cause of action but would direct that the issues in the admiralty cause should be tried and decided by a judge and that the issues in the law cause should be simultaneously tried and decided by a judge and jury. If the two causes were respectively in equity and at law, perhaps some such order might be justified by the Rules of Civil Procedure, see Rule 18 (a), 28 U.S.C.A. following section 723c. Compare 3 Moore's Federal Practice 3010 and compare cases cited in the 1946 supplement to that page. But I know of no basis for such a hybrid combination of admiralty and law. And since such an innovation as I have suggested might prejudice the parties, I prefer to allow plaintiff to file a new suit in admiralty, if she is so advised, and then, if she wishes, to move for a consolidation of the two suits in one trial. On such a motion a judge can decide whether the prejudice outweighs the convenience. But I refuse to anticipate the motion particularly since I am aware that if she desires, plaintiff can take both causes of action to the state court and be relatively certain of a jury trial there not only on the Jones Act cause of action but also on the manufacturer's liability cause of action. I say this because presumably Massachusetts would allow a jury trial for torts committed there. Indeed, I suppose Massachusetts allows jury trials for torts no matter where committed—even on the high seas or in foreign lands. Compare, Restatement, Conflict of Laws, § 599; Peterson v. Boston & Maine R. R., 310 Mass. 45, 47, 48, 36 N.E.2d 701; Ettelson v. Metropolitan Life Insurance Co., 3 Cir., 137 F.2d 62, 64.

██ Finally, if plaintiff meant to suggest that her suit against the individual defendants could be maintained under 28 U.S.C.A. § 41(1) (a) or (8) as a suit arising under the laws of the United States or any law regulating commerce, the suggestion is without merit. Her complaint presents no question of the construction or effect of a federal statute. That, as Tunstall v. Brotherhood, 323 U.S. 210, 213, 65 S.Ct. 235, 89 L.Ed. 187 and Peyton v. Railway Express Agency, 316 U.S. 350, 353, 62 S.Ct. 1171, 86 L.Ed. 1525, illustrate, is es-

sential if the jurisdiction of this Court is to be sustained on the theory suggested.

Motion to dismiss the two individuals granted for lack of jurisdiction on the law side of the court and for improper joinder.