**Robert K. BENTON, Appellant,**

v.

**UNITED TOWING CO., a corporation, Appellee.**

**No. 14507.**

United States Court of Appeals Ninth Circuit.

July 14, 1955.

George H. Hauerken, John B. Brethauer, Hauerken, St. Clair & Viadro, San Francisco, Cal., for appellant.

John H. Black, Edward R. Kay, Alexis J. Perillat, Appel, Liebermann & Leonard, San Francisco, Cal., for appellees.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

Benton, libelant in an admiralty proceeding, appeals from a decree denying him relief for an injury received while he was employed by United Towing Company on its oil barge engaged in the delivery of oil in San Francisco Bay. The libel claimed that Benton's injury was caused by (a) the unseaworthiness of the oil barge and (b) the negligence of the towing company in failing to maintain its seaworthiness. The court held the barge was seaworthy and that there was no negligence of the towing company.

Benton contends that this court should try this proceeding de novo and this although all the testimony was by witnesses heard by the trial court. Whatever may have been the rule heretofore, the contention that an admiralty appeal requires a trial de novo has been finally disposed of by the Supreme Court's holding in McAllister v. United States, 348 U.S. 19, at page 20, 75 S.Ct. 6, at page 8, stated as follows:

"No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure."

The pertinent portion of Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A. is:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

We agree with the holding of the district court on the two contentions urged in the appeal and adopt Judge Hamlin's excellent opinion disposing of them as that of this Court.

Decree affirmed.