John M. Xifaras, New Bedford, Mass., for plaintiff.

Solomon Sandler, Gloucester, Mass., for defendant.

**George SIMMONS, Plaintiff,**

v.

**BOAT ANDREA G. CORPORATION, Defendant.**

**Civ. A. No. 64–396–C.**

United States District Court
D. Massachusetts.

June 21, 1966.

## MEMORANDUM

CAFFREY, District Judge.

This complaint as filed contained a count for negligence, a count for unseaworthiness and a count for maintenance and cure. By agreement of counsel the case was submitted to the jury only on the negligence count, and the jury returned a verdict thereon in favor of plaintiff in the amount of Two Thousand Dollars ($2000.00). Counsel also stipulated that the count for maintenance and cure was to be determined by the Court and that maintenance was to be computed at the rate of $7.00 per day.

On the basis of the evidence adduced at the trial and on the further basis of a stipulation by counsel that the figures contained in plaintiff's answers to interrogatories relative to his medical expenses were accurate, I find that plaintiff was disabled by reason of this accident from May 6 through August 10, 1964, a period of 96 days, and that he was hospitalized for 35 days during this period at the Union Hospital of New Bedford for treatment of injuries to his chest and leg.

After the accident plaintiff looked for a first-aid kit or other medical supplies to treat the three-inch gouge in his leg. The ANDREA G. was so extremely ill-

equipped that not even a band-aid or an antiseptic of any kind could be found and he had to treat the gouge by washing it and wrapping it with a rag. As a result of the lack of even the most rudimentary first-aid supplies, the wound in his leg developed an ulceration and secondary infection.

Captain Goodwin, skipper of the ANDREA G., testified that after the accident he had no conversation with the plaintiff about the nature or extent of his injuries and, also, that he did not observe anything unusual about plaintiff's physical appearance or his behavior throughout the duration of the trip. He did not observe any change in the way plaintiff did his share of the crew's work. In view of this testimony I do not credit the Captain's statement that he offered to bring the ANDREA G. into port and to send plaintiff to the Brighton Marine Hospital.

When the crew disembarked at New Bedford some three or four days after Simmons' injury, he went to the emergency room of the Union Hospital and was immediately admitted as an inpatient. He was treated there by Dr. Moldin, his family doctor, who is a general surgeon. Dr. Moldin testified that Simmons was administered unusually high dosages of Darvon to relieve his pain and was also given injections of substances containing morphine because of the extreme pain caused by his chest and leg injuries. The doctor stated that the medications administered to Simmons because of the pain were far in excess of normal dosages. Because he was given heavy pain-killing medication throughout his hospitalization, I find that Simmons' judgment and possible realization that the Public Health hospital was available to him was impaired.

Captain Goodwin admitted that he visited Simmons at the Union Hospital the day after he was admitted, in order to deliver a pay check to him, without making any reference whatever to arranging a transfer of Simmons to the Brighton Marine Hospital. On the evidence adduced at this trial I find that Simmons' condition was such that he could easily have been transferred from the hospital at New Bedford to the Brighton Marine Hospital. No evidence was adduced that Simmons was ever asked to go to the Public Health hospital, no certificate entitling him to admission at the Brighton Marine Hospital was ever tendered to him, and neither Captain Goodwin nor anyone else acting for the ANDREA G. offered to arrange a transfer from the Union Hospital to the Public Health hospital.

Although the general rule is that an injured seaman must take advantage of the free medical and hospital services available to seamen at the United States Public Health Service hospitals (Benton v. United Towing Co., 224 F.2d 558 (9th Cir. 1955)), the Court of Appeals for this Circuit has ruled that an injured seaman is not obliged to volunteer to enter a Public Health hospital if his employer has not offered him treatment there. Stevens v. R. O'Brien Company, 62 F.2d 632 (1st Cir. 1932). I rule that this is one of those exceptional cases in which the seaman involved is entitled to recover against his ship the costs of private hospitalization and medical attendance.

I find that the plaintiff is entitled to recover maintenance for 61 days at $7.00 a day, a total of $427.00; that he is entitled to recover $1255.00 on account of the bill of the Union Hospital; $420.00 on account of the bill of Dr. Sidney Moldin; $35.00 on account of the bill of Dr. Cecil Smith; and $47.00 for medicines on account of the bill of Poulos' Pharmacy; a total recovery of $2154.00 for maintenance and cure.

Judgment accordingly.