**CHINA UNION LINES, LTD., and SS UNION STAR, Appellants,**

v.

**STATES STEAMSHIP COMPANY, a corporation, Appellee.**

No. 20920.

United States Court of Appeals
Ninth Circuit.

June 6, 1967.

Graham, James & Rolph, Alexander D. Calhoun, Jr., Stanley F. Gillmar, David C. Phillips, San Francisco, Cal., for appellants.

Lillick, Geary, Wheat, Adams & Charles, Willard G. Gilson, D. Thomas McCune, San Francisco, Cal., for appellee.

Before *WASHINGTON, MERRILL, and BROWNING, Circuit Judges.

WASHINGTON, Senior Circuit Judge.

In the morning of August 26, 1960, in the mouth of the Saigon River, about one mile from shore, China Union Lines' motor vessel, The Union Star, registered

* George T. Washington, Senior Circuit Judge, sitting by designation.

by the Republic of China, was in collision with appellee's steam turbine-driven vessel Illinois, registered by the United States. Each vessel sustained substantial damage. A libel was filed by appellee in 1963 in the District Court for the Northern District of California, a cross-libel was filed by appellants, and the cause was tried in 1965.

The district court found that both vessels failed to maintain a proper lookout, that the lack of timely and accurate information and knowledge as to the movements of the other vessel on the part of both vessels contributed to the ensuing collision, that both were equally at fault and contributed equally to the collision, and that, in accordance with Vietnam law, the total damages under the International Rules of the Road should be divided equally. A final decree was entered December 1, 1965, holding that the appellee sustained damages from the collision of $48,273.09, that appellants sustained damages of $6,398.14, and that the appellee should recover from the appellants the amount of $20,937.48.

■ We have reviewed the record and have concluded that the district court's findings are supported by substantial evidence and are not clearly erroneous. It is not our function to weigh the evidence. McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L. Ed. 20 (1954); City of Long Beach v. American President Lines (The President Van Buren), 223 F.2d 853, 855 (9th Cir. 1955); Benton v. United Towing Co., 224 F.2d 558 (9th Cir. 1955); Peterson v. United States, 224 F.2d 748, 749 (9th Cir. 1955).

Appellants contend that the district court improperly rejected evidence offered to establish that the costs of repair in the Orient were substantially less than those incurred by appellee in the United States; that appellee was under duty to minimize damages, and should have been limited in its recovery to damages based upon the Orient cost figures.

The district court rejected this offer of proof as irrelevant in light of the fact that appellee's vessel was under government subsidy, a condition of which requires repair in the United States where conditions permit.

■ We agree. Had appellee undertaken repair in the Orient, damages would not have been minimized but maximized, taking into consideration the connected loss (possible or probable) of the subsidy revenue.

We do not find any cause for reversal under other contentions made. The district court's judgment will be affirmed.