PACIFIC STEAMSHIP COMPANY *v.* PETERSON.

No. 49. Argued October 24, 1928.—Decided November 26, 1928.

*Mr. W. Carr Corrow,* with whom *Messrs. Benjamin S. Grosscup* and *J. O. Davies* were on the brief, for petitioner.

132

*Mr. Harry E. Foster,* with whom *Mr. Melville Monheimer* was on the brief, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

Peterson, a seaman, brought an action at law in a Superior Court of Washington against his employer, the Pacific Steamship Co., the owner of a domestic merchant vessel on which he was serving, to recover damages for personal injuries suffered at sea on a voyage between the ports of Puget Sound and California.

The complaint charged that the injury resulted from the negligence of the mate of the vessel—there being no charge that the vessel was unseaworthy—and based the right of action expressly on § 20 of the Seamen's Act of 1915,[1] as amended by § 33 of the Merchant Marine Act of 1920.[2] This provides: "That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply."[3]

The Company, in its answer, not only denied the averments of negligence, but alleged, generally, in Par. 2,

---

[1] 38 Stat. 1164, c. 153.

[2] 41 Stat. 988, c. 250; U. S. C., Tit. 46, § 688.

[3] A like right of action is given to the personal representative of any seaman whose death results from such personal injury.

" that long prior to the commencement of plaintiff's action set out in his said complaint, the plaintiff elected to receive wages to the end of the voyage, and maintenance and cure for any injuries which he received on said voyage; and the plaintiff has received his wages to the end of the voyage and has received maintenance and cure for any injury received, and received the same prior to the filing of his said complaint herein, and he cannot now maintain an action under the Jones Act, or any other act, for damages for any injuries received upon the voyage ": and " for further answer and affirmative defense " alleged, particularly, in Par. 3, that as soon as the vessel arrived at San Francisco the plaintiff was removed from the vessel by the defendant and conveyed to the Marine Hospital for maintenance and cure; that he " has received from the defendant at said hospital maintenance and cure as far as medical and surgical attention can reasonably effect a cure," and also received his wages from the defendant to the end of the voyage, aggregating $41.10, prior to the commencement of the suit; and that " plaintiff in accepting said wages to the end of the voyage and in permitting defendant to take him to said Marine Hospital . . . and in consenting to go thereto for maintenance and cure for the injuries he received, elected to take compensation for said injury under the general admiralty and maritime law in such cases made and provided, and he has been fully and completely compensated by defendant for said injuries under the said general admiralty and maritime law, and the plaintiff made said election to accept compensation and received the same under the general admiralty and maritime law long prior to the filing of this suit and the plaintiff cannot now elect to sue or maintain this action, for damages under section 20 of the act of congress of March 4, 1915, as amended by section 33 of the Act of June 5th, 1920, known as the Jones Act."

The court, on the plaintiff's motion, struck from the answer the allegations in Par. 2; and also sustained a

demurrer interposed by the plaintiff to the "affirmative defense" in Par. 3 on the ground that it did not state facts sufficient to constitute a defense to the action. The case proceeded to trial, and the plaintiff had verdict and judgment. The judgment was affirmed by the Supreme Court of the State. 145 Wash. 460.[4] A petition for a writ of certiorari, directed solely to the rulings as to the right to maintain the suit under § 33 of the Merchant Marine Act, was then granted.

By the general maritime law of the United States prior to the Merchant Marine Act, a vessel and her owner were liable, in case a seaman fell sick, or was wounded in the service of the ship, to the extent of his maintenance and cure, whether the injuries were received by negligence or accident, and of his wages, at least so long as the voyage was continued, and were liable to an indemnity for injuries received by a seaman in consequence of the unseaworthiness of the ship and her appliances; but a seaman was not allowed to recover an indemnity for injuries sustained through the negligence of the master or any member of the crew. *The Osceola,* 189 U. S. 158, 175; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372, 380; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255, 258.

By § 33 of the Merchant Marine Act, as heretofore construed, the prior maritime law of the United States was modified by giving to seamen injured through negligence the rights given to railway employees by the Employers Liability Act of 1908 and its amendments, and permitting these new substantive rights to be asserted and enforced in actions *in personam* against the employers in federal or state courts administering common-law remedies, with the right of trial by jury, or in suits in admiralty in courts administering maritime remedies, without trial by

---

[4] Department 2 of the Supreme Court; petition for rehearing denied by the Court *en banc.*

jury. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375; *Engel* v. *Davenport,* 271 U. S. 33; *Panama R. R.* v. *Vasquez,* 271 U. S. 557; *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316.

The defendant contends, on the one hand, that this statute gives an injured seaman the new right of action for damages merely as an alternative right to those provided by the old maritime rules, which he may enforce " at his election," thereby requiring him to elect whether he will proceed for the recovery of maintenance, cure, wages, and indemnity under the old maritime rules, or for the recovery of damages under the new rule; and hence that if he demands and receives from the employer maintenance, cure and wages under the old maritime rules, he is bound by that as an election and cannot thereafter maintain an action for damages under the statute.

The plaintiff contends, on the other hand, that the words " at his election " as used in the statute, refer, at the most, to an election between an action for compensatory damages, on the ground of negligence, under the new rule, and the inconsistent action for indemnity or compensatory damages on the ground of unseaworthiness, under the old maritime rules; and not to an election between an action for damages under the new rule and the consistent and cumulative remedy for maintenance, cure and wages under the old rules.

We pass without determination the question whether the affirmative allegations of fact in the answer, as distinguished from the conclusions of the pleader, show that the plaintiff had in fact demanded or received maintenance and cure from the defendant, or had merely acquiesced in being taken by the defendant to the Marine Hospital and there receiving from the United States, without expense to himself or to the defendant, maintenance and treatment as a disabled seaman; and we proceed to the determination of the sole question argued by counsel,

that is, whether, if the plaintiff had demanded and received maintenance, cure and wages from the defendant, this constituted an election which prevented him from thereafter maintaining a suit for compensatory damages under the statute.

It was stated, in general terms, in *Panama R. R. Co.* v. *Johnson, supra,* at p. 388, that the statute " extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified . . ." And see *Engel* v. *Davenport, supra,* at p. 36. But this general statement does not define the scope of the election or the precise alternative accorded—a question which was not involved or discussed in either of these cases. And while an incidental statement in the *Engel* case, at p. 36, if taken broadly, might well be understood to mean that the right to recover compensatory damages under the new rule was granted as an alternative to the allowances covered by the old rules, including maintenance, cure and wages, this was at the most a general expression respecting a particular as to which no question was raised—no allowance for maintenance, cure and wages being there involved—which ought not to control the judgment in a subsequent suit when the very point is presented for decision, *Cohens* v. *Virginia,* 6 Wheat. 264, 399, *Downes* v. *Bidwell,* 182 U. S. 244, 258, *Weyerhaeuser* v. *Hoyt,* 219 U. S. 380, 394, *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268, 272, or to prevent the determination as an original question of the proper construction of the statute in that particular. See *United States* v. *Corbett,* 215 U. S. 233, 239.

What then were the " alternatives " accorded to an injured seaman by the maritime law, as modified, between which the statute grants him an election? Plainly, we think, the right under the new rule to compensatory dam-

ages for injuries caused by negligence is not an alternative of the right under the old rule to maintenance, cure and wages—which arises, quite independently of negligence, when the seaman falls sick or is injured in the service of the ship, and grows out of that which was termed in *The Montezuma* (C. C. A.), 19 F. (2d) 355, 356, the "personal indenture" created by the relation of the seaman to his vessel. In *Harden* v. *Gordon,* 2 Mason 541, 11 Fed. Cas. 480, 481—cited with apparent approval in the *Osceola* case, at p. 172—Mr. Justice Story said that a claim for the expenses of curing a seaman in case of sickness "constitutes, in contemplation of law, a part of the contract for wages, and is a material ingredient in the compensation for the labour and services of the seamen." And in *The A. Heaton* (C. C.), 43 Fed. 592, 595, Mr. Justice Gray, speaking for the court, said that the right of a seaman to receive his wages to the end of the voyage and to be cured at the ship's expense, being "grounded solely upon the benefit which the ship derives from his service, and having no regard to the question whether his injury has been caused by the fault of others or by mere accident, does not extend to compensation or allowance for the effects of the injury; but it is in the nature of an additional privilege, and not of a substitute for or a restriction of other rights and remedies," and "does not, therefore, displace or affect the right of the seaman to recover against the master or owners for injuries by their unlawful or negligent acts." Thus, it has been held that claims for maintenance, cure and wages, and for indemnity for injuries occasioned by unseaworthiness, may be demanded and recovered in the same proceeding, *Roebling's Sons Co.* v. *Erickson* (C. C. A.), 261 Fed. 986, 988; that a recovery in one proceeding for wages and maintenance does not preclude the recovery in a subsequent proceeding of indemnity for injuries resulting from unseaworthiness, *The Rolph* (C. C. A.), 299 Fed. 52, 55; and that there is

no inconsistency between the right to recover compensatory damages under the new rule for injuries caused by negligence and the right to recover maintenance, cure and wages under the old rules, the remedies not being of such a nature that the adoption of one is a repudiation or negation of the other, *Lippman* v. *Romich* (C. C. A.), 26 F. (2d) 601, 602. In short, the right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative.

The right to recover compensatory damages under the new rule for injuries caused by negligence is, however, an alternative of the right to recover indemnity under the old rules on the ground that the injuries were occasioned by unseaworthiness; and it is between these two inconsistent remedies for an injury, both grounded on tort, that we think an election is to be made under the maritime law as modified by the statute. Unseaworthiness, as is well understood, embraces certain species of negligence; while the statute includes several additional species not embraced in that term. But, whether or not the seaman's injuries were occasioned by the unseaworthiness of the vessel or by the negligence of the master or members of the crew, or both combined, there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong, *Baltimore S. S. Co.* v. *Phillips, supra,* 321, for which he is entitled to but one indemnity by way of compensatory damages.

Considered in the light of these several remedies and the extent of the inconsistency between them, we agree with the view expressed by the Supreme Court of Washington that the statute was not intended to restrict in any way the long-established right of a seaman to mainte-

nance, cure and wages,—to which it made no reference. And we conclude that the alternative measures of relief accorded him, between which he is given an election, are merely the right under the new rule to recover compensatory damages for injuries caused by negligence and the right under the old rules to recover indemnity for injuries occasioned by unseaworthiness; and, that no election is required between the right to recover compensatory damages for a tortious injury under the new rule and the contractual right to maintenance, cure and wages under the old rules—the latter being a cumulative right in no sense inconsistent with, or an alternative of, the right to recover compensatory damages.

It results that there was no error in the rulings as to the affirmative defense interposed by the defendant. And the judgment is

*Affirmed.*

MR. JUSTICE HOLMES concurs in the result.