## THE BIRKENHEAD.
### No. 39.

District Court, E. D. Pennsylvania.
April 2, 1930.

Mortimer W. H. Cox, of Philadelphia, Pa., for plaintiff.

Leslie C. Krusen, of Biddle, Paul, Dawson & Yocum, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action in rem in admiralty brought by James S. McMahon against the steamship Birkenhead to recover for personal injuries sustained January 1, 1927, upon the ship in the course of his employment as fireman. At the time he was injured the libelant was tightening an ordinary square-headed bolt or nut upon a set screw which formed part of a contrivance known as a discharge strainer, which, in turn, was part of the fuel oil line of the steamer. He was using an ordinary monkey wrench. While tightening the nut, the wrench slipped, throwing the libelant off balance. He staggered back, tripped over a portion of the permanent frame of the vessel, and fell upon his left arm, sustaining an injury.

The cause of action created by section 33 of the Jones Act (41 Stat. 1007 [46 USCA § 688]), cannot be asserted in a suit in rem. Plamals v. S. S. Pinar Del Rio, 277 U. S. 151, 48 S. Ct. 457, 458, 72 L. Ed. 827. This suit is therefore governed by the principles of the general maritime law.

Maritime law imposes liability upon the vessel and her owner to the extent of maintenance, cure, and wages in the case of a seaman injured in the service of the ship. This liability is contractual in its origin, and does not depend upon negligence or unseaworthiness. It is conceded that the vessel in this case is liable for maintenance, cure, and wages; the amount only is in dispute. With regard to indemnity for injuries sustained, liability is imposed where the injuries were received in consequence of the unseaworthiness of the ship or her appliances. There can be no recovery against the ship for injuries caused solely by neglect of the master or of any of the crew. The Osceola, 189 U. S. 158, 175, 23 S. Ct. 483, 47 L. Ed. 760; Pacific Steamship Co. v. Peterson, 278 U. S. 130, 49 S. Ct. 75, 73 L. Ed. 220.

In order that the principles above stated may be applied to the case now before the court, the following additional findings of fact are made: (a) The wrench which the libelant was using was a defective wrench, and the accident was caused by its defective condition; (b) it was picked up by the libelant himself from a workbench in the fireroom; (c) there were numerous other wrenches of all kinds on board in good condition. These included monkey wrenches, box wrenches, socket wrenches, and fixed wrenches. The libelant could have obtained any of these wrenches from the storeroom which was alongside the engine room; (d) a monkey wrench is a proper and reasonably safe appliance with which to perform the work which the libelant was doing at the time he was injured.

The libelant's right to recover in this action depends on the unseaworthiness of the vessel or her appliances. The question involved may therefore be stated as follows: Is unseaworthiness established by evidence that a defective appliance was supplied at a place where the libelant would naturally select it for his use, there being plenty of sound appliances adapted to the same work on board and readily accessible to the libelant?

In Plamals v. Pinar Del Rio, supra, the libelant's injury was caused by the breaking of a rope by which he was being hoisted up to paint a smokestack. The rope, which was defective, had been selected and supplied to the libelant by the mate of the ship. An abundant supply of good rope was on board. The court said: "The record does not support the suggestion that the Pinar Del Rio was unseaworthy. The mate selected the bad rope when good ones were available." I think that this decision disposes of the question left open by Judge Hough of the Circuit Court of Appeals for the Second Circuit in The Santa Barbara, 263 F. 369, 370: "Whether unseaworthiness in law may not be produced by nonuse or misuse of good and sufficient adjuncts to or appliances of a good ship, and whether the resulting condition can give rise to action for indemnity under the

118

doctrine of The Osceola * * * are also questions not now before us. * * * " The conclusion is that the Birkenhead and her appliances were not unseaworthy. Consequently, there is no liability for indemnity for injuries incurred by the libelant's use of the defective monkey wrench.

The libelant also claims indemnity because of alleged failure on the part of the ship to give prompt medical or surgical attention to his injuries. Upon this the facts are clearly against him, and I find that the master did all that could reasonably be required.

On the question of maintenance, cure, and wages, I sustain the position of the claimant both upon the facts and the law, and fix the amount for which the vessel is liable at $160.55.

Decree in accordance herewith.