## BRITTINGHAM v. ORE S. S. CORPORATION.

### No. 3417.

Circuit Court of Appeals, Fourth Circuit. Jan. 10, 1933.

Edgar T. Fell and Stanley E. Hartman, both of Baltimore, Md., for appellant.

George W. P. Whip, of Baltimore, Md. (Lord & Whip, of Baltimore, Md., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Roland Brittingham filed a libel in personam against Ore Steamship Corporation, owner of the steamship Mangore, under section 33 of the Merchant Marine Act of 1920, 41 Stat. 1007 (46 U. S. C. § 688 [46 USCA § 688]), claiming damages for the loss of sight in his left eye which he suffered when it was struck by a small piece of metal during repairs to the ship's engine. He was first assistant engineer at the time, and was assisting two members of the crew under the personal direction of the chief engineer in chiseling a broken set screw out of a binder or collar surrounding a nut, in order to remove it from a valve stem. The issue raised by the pleadings was that the injury was due to the neglect of the officers and agents in charge of the ship; and the District Judge at the hearing, finding no evidence of neglect, dismissed the suit. The only negligence specified in the libel was the failure of the respondent to supply the appellant with glasses, goggles, or other protective appliance for his eyes; but this position was later abandoned because the uncontradicted evidence showed that the injured man himself had charge of glasses and goggles supplied by the ship, and kept them in his room. At the trial in the District Court, an effort was made to show negligence of another sort, namely, that the broken screw could have been safely removed by burning out the surrounding metal with an acetylene torch, and hence that the chief engineer was negligent when he directed the more dangerous operation of chiseling. On this point also the evidence failed to support the charge, for it showed quite conclusively that the method adopted had the approval of careful and experienced men, and this position has also been abandoned.

The argument upon appeal is confined to the contention that in work of this kind, goggles should be worn and that it was negligence for the chief engineer to require it to be done with hammer and chisel under the prevailing conditions, that is to say, shortly after the arrival of the ship in port, when the engine was still hot and vapor in the engine room made the use of goggles impracticable. The chief engineer gave evidence tending to show that under the circumstances it would not have been practicable to use goggles because they would have been obscured by the vapor, but this testimony was entitled to little weight since he wore glasses himself, cleaning them when necessary, whilst he held an electric torch to enable the men to direct their blows more accurately during the operation. Other witnesses testified that goggles could have been worn with safety, and the appellant himself, an experienced man, gave no testimony indicating that he could not have used them had he so desired. Provision has been made by appropriate legislation to compensate workmen injured in dangerous occupations in other fields, such as the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950), but the case of an injured seaman has not been covered, and we have no authority to find against the owner of the ship in the absence of negligence on its part. The decree of the District Court is affirmed.