## O'BRIEN v. U. S. TANK SHIP CORPORATION et al.

District Court, S. D. New York.

Sept. 29, 1936.

Wise & Ottenberg, of New York City, for libelant.

Hatch & Wolfe, of New York City, for respondents.

MANDELBAUM, District Judge.

The respondent seeks an order vacating the demand for a trial by jury served by the libelant.

The libel herein was filed in personam for damages for personal injuries sustained by the libelant, while a seaman on the respondents' ship at sea, the injuries being attributed to respondents' failure to take proper precautions to protect libelant's safety.

The suit is brought under what is commonly known as the Jones Act, which incorporated by reference the provisions of the Federal Employment Liability Act (title 46 U.S.C.A. § 688).

The libelant has served a jury demand upon the respondents, who, in turn, seek to vacate this demand on the ground that the libelant, having chosen as his forum the admiralty side of this court, may not have a trial by jury.

It is well settled that remedies under the Jones Act may be enforced in admiralty *in addition* to the right to enforce such remedies in actions in personam against employers in the federal or state courts administering common-law remedies. See Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

Does the additional remedy above set forth carry with it the right to a trial by jury? The court is constrained to answer this question in the negative.

It appears to the court that in Pacific S. S. Co. v. Peterson, supra, the United States Supreme Court, although not confronted with the precise point at bar, did clearly indicate by its language that the jurisdiction of admiralty over actions under the Jones Act has not been enlarged with respect to the right of trial by jury. In this regard, the Court said, 278 U.S. 130, at page 134, 49 S.Ct. 75, 76, 73 L.Ed. 220:

" . . . and permitting these new substantive rights to be asserted and enforced in actions in personam against the employers in federal or state courts administering common-law remedies, *with the right of trial by jury,* or in suits in admiralty in courts administering maritime remedies, *without trial by jury.*" (Italics mine.) See, also, The Mangore (D.C.) 1 F.Supp. 138, affirmed Brittingham v. Ore S. S. Corporation (C.C.A.) 62 F.(2d) 616.

Throughout the existence of the admiralty courts enforcing maritime remedies, the right to a trial by jury has existed *only* in two classes of cases: (1) Upon demand of either party where the case arose upon the lakes or connecting navigable waters (title 28 U.S.C.A. § 770); and (2) upon consent of the parties (title 28 U.S.C.A. § 771).

Concededly, the case at bar does not come within either of the classes above mentioned.

The libelant, in seeking to sustain its right to a trial by jury, attempts to read into the Jones Act a new right (trial by jury), which has heretofore not existed. He argues that it would be an absurdity for this court to hold that, if the injured seaman proceeds by summons and complaint in this court, he may none the less have the benefits of the admiralty law, while if he proceeds by way of libel in personam (in admiralty) seeking precisely the same remedies, he loses the right of a jury trial. In answer to that, the court need but quote the language of Chief Justice Marshall in the case of The Sarah, 8 Wheat. 391, 394, 5 L. Ed. 644, where, in speaking of the judicial system of the United States, he said:

"In all cases at common law, the trial must be by jury. In cases of admiralty and maritime jurisdiction, it has been settled, in the cases of [citing cases] that the trial is to be by the court.

"Although the two jurisdictions are vested in the same tribunal, they are as distinct from each other as if they were vested in different tribunals, and can no more be blended, than a court of chancery with a court of common law."

■ It is elementary that in construing statutes the clear and evident intent of the law-making body may not be enlarged upon.

■ The court will not vest the admiralty courts with power to try cases by jury (except where it has heretofore existed) in the absence of a specific expression of such desire by Congress. The Jones Act is barren of any such expression.

Motion to vacate the demand for trial by jury is granted.