**REED v. THE ARKANSAS et al.**

No. 10466.

United States District Court
S. D. California, Central Division.

Feb. 24, 1950.

David A. Fall, San Pedro, Cal., for plaintiff.

Lasher B. Gallagher and Murray H. Roberts, Los Angeles, Cal., for respondents.

HALL, District Judge.

As indicated at the oral argument, the matters alleged in the Fifth Article are redundant and immaterial, and the motion to strike the Fifth Article is granted.

The defendant moves to compel the plaintiff to elect between the First Cause of Action under the Jones Act and the Second Cause of Action for unseaworthiness under the General Maritime Law.

The First Cause of action is triable to a jury and the Second is not. The First is a cause *in personam,* and the second is *in rem.* The degree of proof required for recovery under the first is greater than under the second, inasmuch as the plaintiff is required to prove negligence to recover under the Jones Act, whereas a plaintiff can recover regardless of fault, or lack of it, on the second count. What would be material and competent evidence on one cause of action may not be admissible at all on the other, or if admitted may be highly prejudicial if they were tried together before a jury. The causes of action are thus legally inconsistent. It was held in Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220, that a cause of action under the Jones Act is inconsistent with a cause of action for unseaworthiness, and that an election must be made by the seaman. To the same effect are Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827; The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Engel v. Davenport et al., 271 U.S. 33, 46 S.Ct. 410, 70 L. Ed. 813; Skolar v. Lehigh Valley R. Co., 2 Cir., 60 F.2d 893; and McGhee v. U. S., 2 Cir., 165 F.2d 287. In the latter case the court stated, 165 F.2d at page 290, "We do not mean that a seaman may go to trial on both causes of action simultaneously, and recover upon one or the other as the evidence turns out." The language of the Statute is plain that there must be an election by the seaman. It says, 46 U.S.C. 688, "Any seaman * * * may, at his election, maintain an action for damages * * *."

I am unable to reconcile the plain language of the Statute and the above cited cases with the Third Circuit case of German v. Carnegie-Illinois Steel Corp., 156 F. 2d 977.

Clearly an election must be made. Under the above cases, it cannot be made, either at the conclusion of the evidence, or after judgment. It, therefore, must and should be made before trial. It is just and proper that it should be made sufficiently in advance of trial to allow a defendant to prepare, and to know upon which cause of action he must prepare. For the same reason it is proper that the election be made before the defendant is required to plead. The motion in the instant case is proper at this time and it is granted.

The motion to dismiss will go off calendar to be reset after plaintiff has made his election and filed the same with the clerk.