THOMSEN v. The DORENE B. et al.

No. 10583.

United States District Court
S. D. California, Central Division.
June 22, 1950.

550

David A. Fall, San Pedro, Cal., for plaintiff.

Lasher B. Gallagher, Los Angeles, Cal., for respondents.

CARTER, District Judge.

At the pre-trial in the above matter on May 22, 1950, the respondents herein moved the court to require libelant to then elect to proceed to trial either upon his cause of action under the Jones Act, 46 U.S.C.A. § 688, or upon his cause of action upon the grounds of unseaworthiness. The libelant moved to transfer the above action from the Admiralty to the Civil side of the court.

Respondents rely upon Reed v. The Arkansas, D.C.S.D.Cal.1950, 88 F.Supp. 993, and the cases cited therein, including Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. Also cited therein is Skolar v. Lehigh Valley R. Co., 2 Cir., 1932, 60 F.2d 893, and McGhee v. United States, 2 Cir., 1947, 165 F.2d 287.

We hold these cases not controlling.

In the Pacific S. S. Co., case, supra, the matter of election between a suit under the Jones Act and an action for unseaworthiness was not properly in issue before the court, and the language in that decision is dictum.

In addition, German v. Carnegie-Illinois Steel Co., 3 Cir., 1946, 156 F.2d 977 and McCarthy v. American Eastern Corp., 3 Cir., 1949, 175 F.2d 724, certiorari denied 1949, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. ——, are cases directly in point upon the question as to the election and hold that one is not required.

Balado v. Lykes Bros., 2 Cir., 1950, 179 F.2d 943 was a case in which the decision on election was not necessary, but in that case the Second Circuit, referring to its decisions in the Skolar and McGhee cases, supra, terms its language therein on the subject of election as dicta and indicates its dissatisfaction with its own language, and reaches a contrary conclusion. The court said in 179 F.2d at page 945: "* * * The question whether the plaintiff must elect whether to claim damages under the Jones Act for negligence, or under maritime law for unseaworthiness before submitting his claims to a jury may perhaps be raised on a new trial because of certain dicta in our decisions in Skolar v. Lehigh Valley R. Co., 2 Cir., 60 F.2d 893, 894, and McGhee v. United States, 2 Cir., 165 F.2d 287. On this matter of election of remedies we find the analysis by Judge Maris [in McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724] of the opinion of the Supreme Court in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, most persuasive. In accordance with the view there expressed we think there will be no necessity for such an election in the future. In our opinion, election is required by the Jones Act only between a trial by jury and a suit in admiralty. Here that election was made when the plaintiff brought his action at law under the Jones Act * * *."

The motion to require an election to proceed either upon the cause of action under the Jones Act or upon unseaworthiness is denied. The motion of the libelant to transfer the above action from the Admiralty to the Civil side of the court is granted.