Vance W. WILLIAMS, Plaintiff,

v.

TIDE WATER ASSOCIATED OIL COMPANY, a corporation, Defendant.

No. 3395.

United States District Court
W. D. Washington, N. D.

Nov. 16, 1954.

**676**

Levinson & Friedman, Seattle, Wash., for plaintiff.

Bogle, Bogle & Gates and Edw. S. Franklin, Seattle, Wash., for defendant.

BOLDT, District Judge.

In a complaint labeled "In Law" and containing a jury trial demand, plaintiff sought recovery for personal injuries alleged to have been sustained from a fall on the deck of the defendant's tanker S. S. Tidewater. At the time plaintiff seaman and others of the crew were carrying a large hose across the deck. It was alleged that defendant was negligent in failing to have the deck painted with "non skid" paint and in permitting an oil spill to be and remain on the deck at the point of plaintiff's fall. The verdict was in favor of defendant and plaintiff has moved for a new trial on three general grounds: (a) insufficiency of the evidence to support the verdict; (b) error in the instructions; and (c) the action of the court in refusing plaintiff's request to include in the issues stated in the pretrial order a claim of non-negligent unseaworthiness as a basis for liability.

The first two grounds of the motion for new trial were overruled at the conclusion of the argument thereon for reasons stated at that time. Plaintiff's motion to vacate the judgment entered on the verdict has been heard, considered and denied. The only matter remaining to be considered and decided is the third general ground of plaintiff's motion for a new trial which is concerned with the election to be made under the Jones Act, 46 U.S.C.A. § 688, by an injured seaman.

The precise question now presented has never been directly considered or decided by the Supreme Court but language used in various of the cited opinions is consistent with and inferentially supports the rule hereinafter stated and long established in this District. Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813, quoted in Hammond Lbr. Co. v. Sandin, 9 Cir., 1927, 17 F.2d 760; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220; Lindgren v. U. S., 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; The Arizona v. Anelich, 1936, 298 U.S. 110, 56 S.Ct. 573, 80 L.Ed. 989; Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

The contrary holding of the Third Circuit in McCarthy v. American Eastern Corp., 175 F.2d 724, certiorari denied 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532 and rehearing denied 338 U.S. 939, 70 S.Ct. 343, 94 L.Ed. 579, followed by the Second Circuit in Balado v. Lykes Bros. S. S. Co., 179 F.2d 943, and by the California Northern District Court in Henz v. U. S., D.C., 9 F.R.D. 291, 1949 A.M.C. 1769 (contra: Southern District of California in Reed v. The Steamship Arkansas, D.C., 88 F.Supp. 993, 1950 A.M.C. 1410), is expressly predicated upon construction of the Supreme Court opinion in Baltimore S. S. Co. v. Phillips, supra.

The Baltimore case does not deal directly with an election under the Jones Act and in my opinion there is no language or circumstance in that case requiring the view thereof originally taken by the Second Circuit Court. In his first action, a libel in admiralty, the injured seaman Phillips asserted liability because of alleged negligence in various particulars and because of the alleged unseaworthiness of the vessel on which he was employed. The trial court awarded maintenance and cure but found against Phillips on all grounds asserted for personal injury liability. Thereafter Phillips brought a new action expressly asserting liability under the Jones Act on particulars of negligence not alleged in the first action. Res adjudicata was urged as a defense to the second action and sustained by the Supreme Court. Under those circumstances all that the Supreme Court had before it for decision was the simple question whether a plain-

tiff claiming for a single injury who has had a trial, whether in admiralty or law, upon his claims of negligence in certain particulars, may, after an adjudication against him, bring a new action, either in admiralty or in law, and have a further trial on new and additional claims of negligence. There is nothing in the Supreme Court language deciding that question in the negative which purports to define the character of the election specifically referred to in the Jones Act or which directly or necessarily supports the view of such election adopted in the Second and Third Circuits solely on the basis of the Baltimore decision and overruling previous decisions in harmony with the rule in this District.

In my opinion the wording of the Jones Act, read against its historical background, plainly provides for election by the seaman in accordance with the rule applied in this District.

In several unpublished decisions the judges of this District have uniformly held that a seaman suing to recover damages for personal injuries must elect whether to proceed either by action at law grounded in negligence with a right to jury trial, or in admiralty with non-jury trial based on unseaworthiness whether negligently caused or not. Kildall v. U. S., W.D.Wash. No. 15761 (Judge John C. Bowen); Niels Nielsen v. Pacific-Atlantic S. S. Co., W.D.Wash., No. 2526 (Judge Lloyd L. Black); and David B. Johnston v. Olympic S. S. Co., W.D.Wash. No. 2803 (Judge William J. Lindberg), are among many decisions in this District to such effect.

It would be inappropriate for the present judge to re-examine the question in the absence of exceptional circumstances and the third ground of plaintiff's motion ought to be denied on that basis alone.

"* * * One judge will not review the rulings of another in the same court." Taylor v. Decatur Mineral & Land Co., C.C.N.D.Ala., N.D.1901, 112 F. 449.

"Judges of coordinate jurisdiction should not ordinarily overrule decisions of their associates based on the same set of facts, unless required by higher authority." U. S. v. Firman, D.C.W.D.Pa.1951, 98 F.Supp. 944, 946.

Plaintiff's motion for new trial is denied on all grounds and judgment of dismissal may be entered.