Victoriano **BILBAO**, also known as Victoriano Bilbao Larrazabal, Libelant,

v.

**M/S CIUDAD DE IBAGUE** and **Flota Mercante Grancolombiana, S. A.,** Respondents.

No. 20606.

United States District Court
E. D. New York.
Aug. 28, 1957.

J. Justin Franco, New York City, for libelant.

Renato C. Giallorenzi, New York City, for claimant-respondent.

ABRUZZO, District Judge.

The libelant, a seaman, has filed his libel in this Court against the respondents seeking judgment on five separate causes of action.

In the first cause he seeks to recover $1,200 wages which he alleges were wrongfully withheld.

In the second cause he seeks to recover a statutory sum equal to two days' pay for each and every day during which payment was delayed pursuant to the provisions of 46 U.S.C.A. §§ 596 and 597 which sum he alleges will equal $20,000 by the time this action is reached for trial.

In the third cause he seeks to recover $25,000 for injuries allegedly sustained during the month of February, 1957, while claimant's vessel was en route from Buenaventura to Philadelphia.

In his fourth cause he seeks $50,000 for injuries sustained, claiming negligence and unseaworthiness of the vessel.

In his fifth cause he seeks $25,000 for maintenance, cure and wages lost that he otherwise would have earned had proper medical attention been given to him.

The claimant-respondent has appeared specially and solely for the purpose of making an application to this Court to decline jurisdiction and of contesting jurisdiction. It now moves that an order be made declining jurisdiction and dismissing the libel on several grounds:

(1) That the parties to this action are all aliens.

(2) That claimant-respondent and the vessel are all the proper subjects of Colombian law.

(3) That libelant signed on board the vessel in Colombia for round-trip voyages beginning and ending in that country.

(4) That libelant agreed that his rights should be governed by the laws of Colombia.

(5) That the vessel has from the date of the accident up to the time the libel was filed regularly called at Colombian ports; and

(6) Libelant has no justifiable claim for wages or for statutory penalty wages because he deserted the vessel.

The libelant is a citizen of Spain and signed aboard the M/S Ciudad De Ibague, a vessel owned by the respondent, Flota Mercante Grancolombiana, S. A., pursuant to a written hiring contract. The moving papers aver that he signed the agreement in Colombia but in his affidavit submitted in opposition to this motion libelant alleges that he signed it in Hamburg, Germany. He denies that he deserted the ship but that he contracted tuberculosis and suffered a hernia while employed by the claimant-respondent, Flota Mercante Grancolombiana, S. A., and stayed in New York to obtain medical aid. The libelant claims that he has no intentions nor means of going to Colombia to collect his wages and the other sums he is demanding in his libel. He further contends that a declination of jurisdiction would be tantamount to a denial of justice because he does not reside in, nor has he any links in, Colombia and that he cannot obtain relief in Colombia. He also claims that he had nothing to do with the preparation of the contract but merely signed where he was told to sign.

Although the libelant alleges in his libel a bare statement that he was in-

jured in the course of his employment because of the negligence and unseaworthiness of the vessel, there are no allegations relating to an accident or showing the circumstances of any act of negligence or unseaworthiness of the vessel.

Claimant-respondent contends that the Republic of Colombia has a labor law which is in essence the equivalent of a workmen's compensation law and which provides a complete and adequate method of compensation for all workers including seamen who are injured or suffer illness in the course of their employment. This labor law entitles seamen to receive medical, surgical, hospital and pharmaceutical care to be provided by the shipowner plus an award based upon the extent of injuries and also their salaries for six months, one or two years in the event they are temporarily disabled, suffer a partial-permanent injury, or a complete permanent injury, respectively.

Many cases have been cited by the respondents to the effect that the Jones Act, 46 U.S.C.A. § 688, does not apply to a situation similar to the one at bar, an action instituted by a foreign national who signed upon a foreign ship in a foreign country to recover damages for injuries sustained on the high seas. However, there is nothing in the libel which alleges that this action was instituted under the provisions of the Jones Act. It appears to be one under the general maritime law.

In this action libelant not only seeks indemnity for injuries he claims to have sustained but he also seeks maintenance, cure and statutory penalties under Sections 596 and 597 of Title 46 U.S.C.A., which provide:

"§ 596. *Time for payment; double wages recoverable*

"The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seamen of which are entitled to share in the profits of the cruise or voyage. This section shall not apply to fishing or whaling vessels or yachts. R.S. § 4529; Dec. 21, 1898, c. 28, §§ 4, 26, 30 Stat. 756, 764; Mar. 4, 1915, c. 153, § 3, 38 Stat. 1164.''

"§ 597. *Payment at ports*

"Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the balance of his wages earned and remaining unpaid at the time when such demand is made at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended, and all stipulations in the contract to the contrary shall be void: *Provided,* Such a demand shall not be made before the expiration of, nor oftener than once in five days nor more than once in the same harbor on the same entry. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full

payment of wages earned. And when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall be then due him, as provided in the preceding section: * * * *And provided further,* That this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement. This section shall not apply to fishing or whaling vessels or yachts. R.S. § 4530; Dec. 21, 1898, c. 28, §§ 5, 26, 30 Stat. 756, 764; Mar. 4, 1915, c. 153, § 4, 38 Stat. 1165; June 5, 1920, c. 250, § 31, 41 Stat. 1006."

Section 597 contains an express provision that the courts of the United States are open to foreign seamen for its enforcement. See Strathearn Steamship Co. v. Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607; Lakos v. Saliaris, 4 Cir., 116 F.2d 440.

 In Charter Shipping Co. v. Bowring, etc., 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008, the United States Supreme Court ruled that in admiralty an action between two British corporations was in the discretion of the court whether or not it should decline jurisdiction. Consideration of the circumstances was of prime importance. Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837, is to the same effect and the exercise of discretion will not be disturbed unless abused.

■ There are five causes of action pleaded in the libel. The first cause of action is for wages. Sections 596 and 597 of Title 46 U.S.C.A., provide for jurisdiction in this Court for that cause of action.

The second cause seeks the two-day pay penalty for each day during which payment was delayed pursuant to the same sections.

It may be that the third cause of action which is for personal injuries might not be a problem for this Court to hear and determine. This is equally true of the fourth and fifth causes of action.

In view of the fact that this Court has apparent jurisdiction of the first two causes of action, the Court will deny the motion at this time as to all five causes of action, leaving open, however, the right of the trial court to use its discretion as to the third, fourth and fifth causes of action.

Claims for maintenance, cure and wages and to recover indemnity for injuries under the general maritime law may be demanded and recovered in the same proceeding. Pacific S.S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220; Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 141 F.2d 396.

An order may be entered in accordance with this decision.