**Chester BAILEY, Libellant,**

v.

**MOORE–McCORMACK LINES, INC.,
Respondent.**

**No. 65 AD 519.**

United States District Court
S. D. New York.

June 30, 1967.

Charles Sovel, Abraham Freedman, New York City, for plaintiff.

John H. Reilly, Jr., Browne, Hyde, Dickerson, New York City, for defendant.

MOTLEY, District Judge.

*Findings of Fact and Conclusions of Law*

On May 8, 1964, libellant Chester Bailey was employed as an ordinary seaman aboard the S.S. "Mormaclake", a vessel owned and operated by respondent. On that date, at approximately 7:00 A.M., in the Port of Baltimore, Maryland, while in the course of his duties and acting pursuant to orders in assisting in the docking of the vessel, libellant was struck across the right ankle by the vessel's wire spring line at the stern.

As a result of this blow, libellant suffered a sprain of the right ankle and a tear of the medial collateral ligaments of the right ankle. For a period of 38 days from May 15 to June 22, 1964, he was treated for these injuries at the U.S. Public Health Service Clinic at Hudson and Jay Streets, New York, New York. Libellant requested payment from the respondent for maintenance and cure for this period, but has received no such payment to date.

■ Libellant is not required to elect between his claim for damages under the Jones Act and his claim for maintenance and cure. They are "consistent and cumulative". Pacific S.S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220 (1928). Libellant's right to maintenance and cure arises from his status as an employed seaman. Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932). Of course, the amounts under both claims cannot be duplicated. Gypsum Carrier, Inc. v. Handlesman, 307 F.2d 525, 533, 4 A.L.R.3d 517 (9th Cir. 1962); Petition of Oskar Tiedmann and Co., 367 F.2d 498, 505 (n. 6) (3rd Cir. 1966).

■ Courts may adopt provisions of a union contract calling for a specific daily allowance for maintenance without proof of actual expenditure. Bartholomew v. Universe Tankships, Inc., 279 F.2d 911 (2d Cir. 1960). Under the collective bargaining agreement between libellant's union and respondent, maintenance and cure is payable at the rate of $8.00 per day.

■ Libellant is entitled to maintenance and cure for the 38 day period from May 15, 1964 to June 22, 1964 at the rate of $8.00 per day, or $304.00.

■ In addition, relying upon the authority of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), libellant has asked that respondent be charged with counsel fees as a penalty for failure to pay maintenance and cure. While this decision has been given wide scope by at least one district court, see, Jordon v. Norfolk Dredging Co., 223 F.Supp. 79 (E.D.Va.1963), the view taken by the Court of Appeals for this circuit is that such fees should be allowed only where the employer is shown to have been "callous" or "recalcitrant" in refusing to pay maintenance and cure. Roberts v. S.S. Argentina and Moore-McCormack Lines, Inc., 359 F.2d 430 (2d Cir. 1966). The court finds that failure to pay maintenance and cure here was not callous or recalcitrant on the part of the employer, but a result of an honest disagreement as to whether plaintiff was entitled to such payment. Therefore libellant is denied any counsel fees.

Libellant is entitled to maintenance and cure in the amount of $304.00, plus interest on that amount at the rate of 6% per year from June 22, 1964, plus the costs of this action.

Let judgment be entered accordingly.