**FLOWERS TRANSPORTATION, INC.,**
**A Corporation, Plaintiff,**

v.

**David FOX, an Individual, Defendant.**

**No. S84–169C(D).**

United States District Court,
E.D. Missouri,
Southeastern Division.

March 14, 1985.

Michael D. O'Keefe, Dan H. Ball, Frank F. Sallee, Thompson & Mitchell, St. Louis, Mo., for plaintiff.

Jack V. Hoskins, Cape Girardeau, Mo., William W. Schooley, Granite City, Ill., for defendant.

MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon defendant's motion to dismiss. This

Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1333.

Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201. The facts alleged are these: Defendant entered plaintiff's employ in 1983. On August 4, 1983, while serving as a deckhand aboard a towboat, defendant fell while working with rigging. The fall resulted in injury to defendant's lower back.

Defendant consulted with three physicians, all of whom diagnosed low back strain. In September, 1983, one of the physicians determined that defendant had reached maximum medical cure and released him to work with no further restrictions.

Plaintiff had paid for defendant's daily maintenance while he was injured. Plaintiff also paid for defendant's medical cure under the doctrine of maintenance and cure.

In December, 1983, defendant was treated by another physician who concluded that he had reached maximum medical cure and was not permanently disabled. Defendant reportedly had at least three non-related job falls after August 4, 1983. These falls allegedly were caused by dizzy spells and periods of unconsciousness. All of them reportedly caused new or additional injury to defendant's lower back.

Plaintiff terminated defendant's maintenance and cure following his medical evaluation in December of 1983. In April, 1984, defendant began seeing a St. Louis orthopoedic surgeon who diagnosed two herniated discs in defendant's lumbar spine and performed a chemonucleolysis operation on defendant. Plaintiff allegedly was not contacted before or after surgery and was not made aware of defendant's continued medical treatment. Plaintiff avers that defendant has demanded that it pay the medical bills related to his treatment and operation since April of 1984 and that his daily maintenance payments be restored. Consequently, plaintiff prays this Court to enter judgment declaring the rights of the parties and stating that it has fully satisfied its maintenance and cure obligations and that defendant reached his maximum medical cure before December, 1983 so that plaintiff has no responsibility for treatment since that time.

Defendant has brought a motion to dismiss on several grounds. This Court need only address one issue to resolve this dispute.

In September of 1983, defendant filed suit against plaintiff in the Circuit Court of Madison County, Illinois seeking damages under the Jones Act, 46 U.S.C. § 688. The complaint alleges that plaintiff herein was negligent and requests damages for defendant's pain and suffering, medical costs, lost earnings, and permanent disability. In his motion to dismiss, defendant alleges that substantially the same claims, based on substantially the same occurrences are currently being litigated. Consequently, defendant concludes that plaintiff's instant action for a declaratory judgment with respect to maintenance and cure is a mere defensive suit of no real value.

 It is beyond dispute that a seaman may have separate and independent causes of action under both the Jones Act and under general maritime law for maintenance and cure. *Pacific S.S. Co. v. Peterson*, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220 (1928); *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525 (9th Cir.1962). Maintenance and cure arise implicitly from the contractual relationship between the seaman and his employer and is designed to ensure the recovery of these individuals who are disabled while in the service of a ship. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir.1979). Maintenance is a per diem allowance, paid so long as the seaman is not in a hospital and has not reached the point of "maximum cure." Cure includes the payment of the seaman's medical expenses until the point of "maximum cure." *Id.* "Maximum cure" is achieved when further medical treatment will result in no *betterment* of the seaman's condition. *Id., citing Farrell v. United States*, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949).

In *Pelotto v. L & N Towing Co., supra,* the court held that an award under the

Jones Act does not bar a later action for maintenance and cure brought by the seaman. 604 F.2d at 401. However, that court focused on a *subsequent* claim for maintenance and cure, not a claim concurrent with a pending Jones Act suit.

> ... Since the defendants were satisfying all of Pelotto's maintenance and cure claims as of the date of his initial trial, Pelotto's only possible maintenance and cure claims at that time would have been either: (i) an action for definitely ascertainable *future* maintenance and cure—an action which defendants do not claim was possible; or (ii) an action asking for a declaration that payments be made until Pelotto reached maximum cure—an action of very doubtful utility to Pelotto.

> \*　\*　\*　\*　\*　\*

> Hence, even had Pelotto claimed maintenance and cure in his initial suit, there would still be no bar to recovery of maintenance and cure in this, the "subsequent" action. Since an *actual* claim would not bar this action, neither can Pelotto's previous failure to make a claim bar this action.

> Similarly, collateral estoppel is no bar to Pelotto's suit. Not only may the obligation to furnish maintenance and cure continue after a Jones Act or unseaworthiness verdict, but the issues involved, despite some overlap, are always somewhat different. The difference in the nature of the issues involved has long been recognized as permitting the maintenance and cure actions to be separately filed.

Thus, *Pelotto* is not dispositive of the issue presented in the instant cause.

Instead, this Court is persuaded more by the observation in *Gypsum Carrier, Inc. v. Hendelman*, 307 F.2d 525 (9th Cir.1962).

> It has been stated that all of the elements of maintenance and cure may be recovered as special damages in a negligence action. Both the seaman's wages and the cash value of his living allowance are recoverable in a negligence action as lost earnings, and the costs of cure are recoverable as medical expenses. And unlike the recovery for maintenance and cure, recovery for these items in a negligence action is not confined to immediate and definitely ascertainable needs, nor, ultimately, to the period of maximum cure. Since complete "recovery can be had in the damages action, \* \* \* it becomes a merely theoretical speculation whether the same recovery could also be had under a maintenance and cure count."

*See also Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 18–19, 83 S.Ct. 1646, 1649, 10 L.Ed.2d 720 (1963).

██ The cause pending in Illinois involves the same issues and damages which, *at the current time*, are the same as in the instant cause. Thus, on the basis of judicial economy alone, the Court must dismiss plaintiff's complaint.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED; and

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED.