114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manolo DE LOS SANTOS, Plaintiff-Appellant,
v.
CAMBRIDGE TANKERS, INC., Defendant-Appellee.
 No. 96-15258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided May 29, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant De Los Santos appeals from the district court's grant of summary judgment for defendant-appellee Cambridge Tankers. The district court found that the doctrine of res judicata bars appellant's claim. We have jurisdiction, 28 U.S.C. § 1291, and we AFFIRM.
 
 
 3
 The doctrine of res judicata dictates that a final judgment on the merits bars a second action between the same parties over the same cause of action. E.g., In Re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir.1996). To determine whether successive lawsuits involve the same cause of action for purposes of res judicata, this court considers: 1) whether rights established by the prior judgment would be impaired by prosecution of the second; 2) whether substantially the same evidence is presented in both suits; 3) whether both suits involve infringement of the same right; and 4) whether the suits "arise out of the same transactional nucleus of facts." A.V. Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982). The fourth factor is "the most important," Id. at 1202, and may by itself be decisive. International Union v. Karr, 994 F.2d 1426, 1430 (9th Cir.1993).
 
 
 4
 Under the Ninth Circuit test for res judicata, plaintiff's suit here involves the same cause of action already decided against him at trial in state court. This court gives state court judgments the same full faith and credit as would a court of that state. Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir.1986). California defines a cause of action by the injury for which the claimant seeks redress and not by the legal theory on which the claimant relies. Id. Appellant here seeks maintenance and cure for the same injuries, arising from the same accident, that he sought medical expenses for in his state action; thus, the same cause of action is involved, regardless of whether plaintiff defines his injury as a contractual breach or a tort.
 
 
 5
 The fact that maintenance and cure and claims for past and future hospital and medical expenses were part of plaintiff's initial complaint in his state suit is evidence that the claims are related and could conveniently have been tried together. Plaintiff's failure to present evidence in state court regarding the amount of cure defendant owed, while relevant to a collateral estoppel defense, is irrelevant to a res judicata defense that the claims arise out of the same nucleus of common facts an could have been tried together. Because the claim for maintenance and cure could have been litigated, res judicata bars plaintiffs from asserting it now. International Union, 994 F.2d at 1430-31.
 
 
 6
 The fact that, after the state action, the plaintiff discovered additional liabilities he might incur from the injury does not alter the result. The injury De Los Santos alleges occurred prior to the filing of the state court action. There are no new rights at issue here that did not exist prior to the state action; thus, Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 739 (9th Cir.1984), cited by appellant, is inapposite. Plaintiff alleges no injury in this second cause of action that did not exist at the time of the state court trial, and res judicata applies. See Yosemite Community College Dist., 785 F.2d 781 (res judicata does not apply if new conduct caused a new injury after the first action).
 
 
 7
 Further, given diligent investigation, plaintiff could have discovered prior to his state suit that he might have to reimburse certain expenses. Appellant claims that the Seafarers' Medical Plan is requesting reimbursement for expenses paid because De Los Santos did not have adequate working time prior to his injury. This fact could have been discovered prior to the state suit. In fact, there was evidence that plaintiff's lawyer knew about at least $3000 that the plaintiff would have to pay. This court should not abdicate the principles of res judicata because of plaintiff's incomplete investigation as to which medical expenses he might have to pay. See A.V. Constantini, 681 F.2d at 1203 (plaintiff's second suit barred by res judicata despite plaintiff's subsequent discovery of alleged tort by defendant when discovery in first suit might have procured information); International Union, 994 F.2d at 1432 (court will not abandon doctrine of res judicata simply because information might have been costly to obtain prior to initial suit).
 
 
 8
 Appellant's argument that appellee acquiesced in the splitting of the claims also fails. Chestnut Hill Dev. Corp. v. Otis Elevator Co., 739 F.Supp. 692 (D.Mass.1990), which appellant relies on for his claim-splitting argument, stands only for the proposition that when a plaintiff maintains two suits simultaneously, both based upon parts of the same claim, the defendant may be found to acquiesce in the splitting, if the equities support a court finding such acquiescence. Id. at 701. Chestnut Hill clarifies that its holding does not apply to a case where "judgment is entered against a plaintiff in an action and the plaintiff then brings a second action, asserting a different theory of recovery, in an attempt to obtain a second, more favorable judgment." Id. at 700. This is precisely what De Los Santos does here. There is no evidence that appellee acquiesced to plaintiff's splitting of the claims.
 
 
 9
 Also, the equities here do not support allowing plaintiff to bring this claim. To allow plaintiff to proceed with this claim now would contravene the purposes of the doctrine of res judicata to avoid piecemeal litigation, conserve judicial resources and preserve the moral force of court judgments. International Union, 994 F.2d at 1430-31.
 
 
 10
 The string of cases cited by the dissent does not alter the result here. In The Rolph v. Kohilas, 299 F. 52 (9th Cir.1927), this court dealt primarily with the issue of unseaworthiness for negligent hiring and not with res judicata. In that case, the initial suit had been for maintenance and cure (which does not require any evidence of negligence), and the second suit was for unseaworthiness. The court stated briefly in conclusion that the first suit did not preclude the second one. There, unlike in the case at hand, the facts in the first suit would not have been the same as those presented in the second suit because additional facts and evidence would be needed to prove negligence in the second suit. Here, the facts in the first suit for unseaworthiness encompassed the facts required to prove maintenance and cure; the plaintiff acknowledged as much by including both claims in his complaint. This situation meets the Ninth Circuit test for a res judicata bar.[1]
 
 
 11
 Pacific S.S. v. Peterson, 278 U.S. 130 (1928), and Bartholomew v. Universe Tankships, Inc., 279 F.2d 911 (2d Cir.1960), hold that the remedies for maintenance and cure and for negligence/unseaworthiness are not either/or alternatives and that a person can recover for both. This is entirely consistent with the position that the maintenance and cure claim should have been litigated fully in state court, where the plaintiff initially filed his claim for it.
 
 
 12
 The dissent focuses on the distinctions between maintenance and cure claims and Jones Act negligence claims rather than the well established principles of res judicata articulated by this circuit. Two claims do not have to be identical for res judicata to apply, and the cases cited by the dissent simply do not control the result here.
 
 
 13
 Plaintiff was aware of his potential claim for maintenance and cure and made a decision not to present evidence on it. Because the two suits at issue here are "related to the same set of facts and ... could conveniently [have been] tried together" res judicata applies to bar plaintiff's second suit. International Union, 994 F.2d at 1429.
 
 
 14
 The district court order granting defendant's motion for summary judgment is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 15
 I dissent. The majority disposition rests on a fundamental misconception of the nature of a claim for breach of the duty to provide maintenance and cure,[1] and its holding is inconsistent with the well established law that res judicata does not bar a claim for maintenance and cure subsequent to a claim for negligence under the Jones Act or unseaworthiness under general maritime law. See The Rolph v. Kohilas, 299 F. 52, 55-56 (9th Cir.1927); see also Bartholomew v. Universe Tankships, Inc., 279 F.2d 911, 916 (2d Cir.1960); Jordine v. Walling, 185 F.2d 662, 671 (3d Cir.1950) (citing Pacific S.S. Co. v. Peterson, 278 U.S. 130 (1928)); Smith v. Lykes Brothers-Ripley S.S. Co., 105 F.2d 604, 606 (5th Cir.1939); Grant Gilmore & Charles L. Black, Jr., The Law of Admiralty (2d ed. 1975) (stating that "[b]y unquestionable authority a maintenance and cure claim is 'separate and independent' from both a Jones Act claim or an unseaworthiness claim for purposes of res judicata ").
 
 
 16
 The majority struggles mightily--and unsuccessfully--to rip general principles of res judicata law loose from their moorings so as to apply them in the case of this injured seaman. It cannot, however, overcome the long-established rule in all the maritime circuits (reported as well in the leading maritime hornbook) that those general principles do not bar successive claims for 1) negligence (Jones Act) and unseaworthiness and 2) maintenance and cure. Instead of dismissing 70 years of established law as dictum, it would have been far easier for the majority to bow to the inevitable, follow precedent, and allow the injured seaman to recover the meager medical costs and living expenses to which the law entitles him.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The old Fifth Circuit case the dissent cites does contain dicta that suggests that res judicata might not always apply in a case such as the one here. See Smith v. Lykes Brothers-Ripley S.S. Co., 105 F.2d 604, 606 (5th Cir.1939). That language has never been followed in this circuit, although in 1950, the Third circuit mentioned that dicta when it dismissed a maintenance and cure claim for lack of jurisdiction. See Jordine v. Walling, 185 F.2d 662, 671 (3d Cir.1950). Even if these two cases did bind this court, neither case decided the issue we are presented with. Ninth Circuit res judicata law dictates the outcome here
 
 
 [1]
 The majority's assertion that a claim for breach of the duty of maintenance and cure "involves[s] infringement of the same right" or vindicates the same "primary right," see Clark v. Yosemite Community College District, 785 F.2d 781, 784 (9th Cir.1986), as a Jones Act claim or an unseaworthiness claim is simply incorrect. See Pacific S.S. Co. v. Peterson, 278 U.S. 130, 137 (1928)